BARRY, (HEARNE v.) See Case No. 6,303.

BARRY, (McALLISTER v.) See Case No. 8,-656.

---

## Case No. 1,062.

### BARRY v. MERCEIN.

#### Circuit Court, S. D. New York.

[The case cited under this title in Bennett v. Bennett, Case No. 1,318, is the same as In re Barry, 42 Fed. 113. Affirmed by supreme court in Barry v. Mercein, 5 How. (46 U. S.) 103.]

---

BARRY, (PANCOST v.) See Case No. 10,-705.

BARRY, (PERRY v.) See Case No. 11,000.

BARRY, (RICE v.) See Case No. 11,751.

BARRY, (SACKETT'S HARBOR BANK v.) See Case No. 12,204.

BARRY, (THOMPSON v.) See Case No. 13,-942.

BARRY, (UNITED STATES v.) See Case No. 14,530.

---

## Case No. 1,063.

### Ex parte BARSTOW.

[3 App. Com'r Pat. 268.]

Circuit Court, District of Columbia. March 3, 1860.

PATENTS FOR INVENTIONS — ANTICIPATION—COOKING STOVES.

[An improvement in cooking stoves, consisting in a chamber interposed between the fire box and the flues, and formed of two parallel plates, which extend clear to the top plate of the stove, except at the corners, where passages conduct the fire to the oven flues, the advantage claimed for which is economy of fuel, is not anticipated by an improvement covering a similar construction, save that the plates of the central chamber do not extend to the top plate of the stove, and that there was a central passage to the oven flues, the object of which is to utilize a cooking stove as a heater, by conducting the current of air passing through and heated by this chamber to apartments above, the oven being adapted to be converted into an auxiliary air chamber for heating purposes.]

[Appeal from the commissioner of patents.]

[Application by A. C. Barstow for letters patent for an improvement in stoves. The application was denied. Applicant appeals. Reversed.]

MORSELL, Circuit Judge. The appellant states his claim thus: "What I claim as my invention, and desire to have secured to me by letters patent, is the double plate extending from the bottom to the top plate, and throughout the width of the stove, forming a partition chamber, so arranged as to separate the fire chambers from the flues when said plate or chamber is provided at the top or thereabouts and bottom or thereabouts with apertures or openings, respectively for the admission to and evacuation from said chamber of external air, whereby a continuous and rapid circulation of fresh air is neces-sarily created and maintained through and by the heat of the chamber for the purposes herein specified; in combination with the flue passages near the top and at either end of said partition chamber, by which three or more boiler apertures can be used on the front of a stove, and over a comparatively small fire, and the heat be applied equally to each, and by which also, when the heat has passed from the fire chamber, it is first applied to the ends of the oven where it is most needed.

The commissioner, in his letter to the judge of the 12th of December, 1859, among other things, says: "The issue between the office and the applicant respects the novelty of the invention claimed;" and it is only deemed necessary to refer to the several letters of rejection and to the reports of the board of appeal for the ground of the official action, in so far as they are involved by the reasons of appeal.

The first of those documents referred to is that of the board of examiners to the acting commissioner, and by him adopted as of the 18th March, 1859. It states: "Several references are given by the examiner in his treatment of this case, but we see no necessity of alluding more particularly to any of them, except the patent granted to R. G. Cochran in 1840, which appears to us to embrace the precise conditions of Barstow's claim. Like Barstow's, Cochran's stove is provided with a chamber interposed between the fire box, and the forward flue, in the former, as in the latter this chamber extends from the bottom to the top plate of the stove, leaving on either hand only sufficient spaces for the passage over said chamber of the products of combustion, and, in the one as in the other, this chamber is provided with apertures or openings at its bottom and top for the direct ingress and egress of atmospheric air. In short, these chambers are precisely alike in construction; they are located in the same relative position; they operate precisely alike, and produce the same results. We cannot discover the slightest reason for impugning the action of the examiner, and it is accordingly recommended that his decision be affirmed, and a patent finally refused; this report is confirmed, and the application for a patent rejected by the acting commissioner, March 18, 1859." The next one is dated November 9, 1859, and states: "This is a renewal of the application filed by the same party, June 25, 1859, and which was rejected by the acting commissioner on appeal on the 15th of March, 1859. The amended claim is, however, nearly the same as that originally presented, the only difference being that in this, one of the conditions is that the heat, as it passes from the fire chamber, is applied first to the ends of the oven; and, after a careful review of the opinion formerly expressed by us, we can perceive no reason for changing its tenor. Cochran's stove, patented in 1840, a reference